UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE OLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20 C 7485 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| BRITTANY GREENE, Warden, | ) | |
| Western Illinois Correctional Center,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Terrance Olden, currently incarcerated at Western Illinois Correctional Center, is serving a twenty-five-year sentence for first degree murder. Olden has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Olden raises two grounds for relief in his amended petition: (1) a denial of his right to counsel in connection with filing a motion to withdraw his guilty plea; and (2) the ineffective assistance of trial counsel for failing to advise him about available defenses before he pled guilty to first degree murder. Olden procedurally defaulted his denial of his right to counsel claim because he failed to properly exhaust his claim in state court without cause to excuse the default. Additionally, Olden's ineffective assistance of trial counsel claim fails because the Illinois Appellate Court's decision did not unreasonably apply the *Strickland* standard. The Court, therefore, denies Olden's petition.

## BACKGROUND

Illinois charged Olden with first degree murder and armed robbery in connection with the death of Donald Ellens on June 24, 2012. On September 25, 2014, Olden pled guilty to first

---

[1] The Court substitutes Brittany Greene, presently the warden at Western Illinois Correctional Center, as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

degree murder, for which the State recommended a prison sentence of twenty-five years and agreed to *nolle prossequi* the armed robbery charge. The parties stipulated to the basis for Olden's plea, agreeing: that Ellens was found stabbed to death in his house on June 26, 2012; that neighbors identified Olden as having visited Ellens on June 24; that Olden confessed to stabbing Ellens and taking Ellens' property, including jewelry; and that police recovered the knife Olden used to stab Ellens and Ellens' jewelry during a lawful search of Olden's home. In accepting the plea, the trial court questioned Olden to ensure he understood the charge against him and admonished Olden that he had the right to a trial where the State would have to prove his guilt beyond a reasonable doubt. Olden acknowledged during the plea colloquy that he understood his rights and that, by pleading guilty, he knowingly waived them. The trial court also questioned Olden to confirm he had not received any promises or faced any threats causing him to plead guilty. Olden confirmed he had not. The trial court then accepted Olden's guilty plea and sentenced him to twenty-five-years' imprisonment, followed by three years of mandatory supervised release. The trial court also informed Olden of his appellate rights under Illinois Supreme Court Rule 605(c), informing Olden that in order to appeal, he must file a written motion to vacate his guilty plea within thirty days, which, if accepted, would result in the judge vacating his conviction and setting the case for trial. If the trial court denied his motion to vacate, Olden could file a notice of appeal. The judge also advised Olden that, if he could not afford counsel, appointed counsel would prepare the motion and appeal. Olden indicated that he understood his appellate rights.

  Olden did not file a motion to vacate his plea within the thirty-day deadline. Instead, on January 15, 2015, Olden filed a motion for a reduction of sentence where he argued that his plea was involuntary and resulted from coercion, and that his attorney inadequately represented him.

Doc. 46-1 at SCR137.  A month later, Olden received leave to file a late notice of appeal *pro se*, in which he argued ineffective assistance of counsel and insufficiency of the evidence. Appointed counsel pursued the appeal on Olden's behalf.  Olden also filed a *pro se* motion to vacate his plea, again asking the court to vacate his plea because it resulted from pressure from his attorney.  Doc. 46-1 at SCR167.  The Illinois Appellate Court struck Olden's *pro se* motion to withdraw his plea and dismissed Olden's appeal, concluding that Olden failed to perfect the appeal because he had not initially filed a motion to withdraw his guilty plea.  The court also rejected Olden's argument that the Illinois Supreme Court rules entitled him to the appointment of counsel following a guilty plea before a motion to vacate the plea is filed or that those rules constitutionally include a right to counsel, finding the decision in *People v. Merriwether* instructive.  *See People v. Olden,* 2016 IL App (1st) 150296-U, ¶ 11 ("Defendant acknowledges that this court rejected that contention in *People v. Merriweather*, 2013 IL App (1st) 113789, but argues that Merriweather was wrongly decided. We see no reason to depart from the sound reasoning of Merriweather. In fact, Merriweather addresses all of the points and arguments raised by defendant and concludes that there is no merit to those arguments.").  Olden did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court.

        In 2017, Olden filed a *pro se* post-conviction petition.  In his petition, he alleged that his trial counsel was ineffective for advising him that he did not have a defense to the first degree murder charge when he could have raised the defenses of serious provocation or imperfect self-defense to reduce the conviction to second degree murder.  Olden also argued that his appellate counsel was ineffective for failing to challenge the sufficiency of the State's evidence on direct appeal and that his trial counsel was ineffective for failing to file a motion to quash his arrest and suppress his statement.  The trial court dismissed Olden's post-conviction petition.  Olden

appealed, arguing that the trial court erred in dismissing the post-conviction petition because Olden raised an arguably meritorious claim that his trial counsel provided ineffective assistance by affirmatively advising him that he did not have any defense to the first degree murder charge. The Illinois Appellate Court affirmed the trial court's dismissal of Olden's post-conviction petition, concluding that the evidence made an imperfect self-defense theory implausible and thus Olden could not show that his trial counsel prejudiced him by failing to discuss that option. Olden then filed a Petition for Leave to Appeal ("PLA"), which the Illinois Supreme Court denied. His habeas petition followed.

## LEGAL STANDARD

A petitioner is entitled to a writ of habeas corpus if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court]." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). An "unreasonable application" of federal law occurs if the state court correctly identified the legal rule but unreasonably applied the controlling law to the facts of the case. *See id.* at 407. The Court judges whether a state court's application of Supreme Court precedent is unreasonable by an objective standard. *Id.* at 409; *Winston v. Boatwright*, 649 F.3d 618, 624 (7th Cir. 2011).

## ANALYSIS

Olden raises two grounds for relief: (1) a violation of his Sixth Amendment right to counsel because he did not receive counsel to assist him in filing a motion to withdraw his guilty plea; and (2) ineffective assistance of his trial counsel in failing to advise him about available defenses before he pleaded guilty to first degree murder. Respondent responds that Olden procedurally defaulted his Sixth Amendment argument and that his ineffective assistance of counsel claim is meritless.[2]

### I. Sixth Amendment Right to Counsel

A petitioner can procedurally default on a federal claim in two ways: (1) if the petitioner fails to exhaust the claim on one complete round of state court review, or (2) if the state court decides the claim on a state procedural ground. *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018). To avoid procedural default, a petitioner must fairly present his claims to all levels of the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). For a claim to be "fairly presented," a petitioner must pursue it through one complete round of state court review, either on direct appeal or in post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). In Illinois, this means appeals up to and including the filing of a PLA to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 845–46; *Duncan v. Hathaway*, 740 F. Supp. 2d 940, 945 (N.D. Ill. 2010). When a petitioner has failed to present his federal claim to the state courts and the opportunity to raise that claim has subsequently passed, the petitioner has procedurally

---

[2] Respondent argues that part of Olden's ineffective assistance of counsel claim—his counsel's failure to investigate—fails because Olden procedurally defaulted it. In his reply, Olden clarifies he does not bring an ineffective assistance of counsel claim for his counsel's failure to investigate mitigating evidence. Doc. 61 at 3. Instead, he only brings his ineffective assistance of trial counsel claim for her failure to explain the nature of the charges against him and to advise him on the availability of a lesser-included offense. *Id*. Consequently, this Court only considers Olden's ineffective assistance of trial counsel claim as it relates to his counsel's failure to inform him of the elements of his offense, which Olden had sufficiently exhausted.

defaulted the claim and it is not available for federal habeas review. *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009).

A petitioner may nonetheless pursue a procedurally defaulted claim if he can establish cause for the default and actual prejudice because of the alleged violation of federal law, or if he can demonstrate that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (citation omitted) (internal quotation marks omitted). Prejudice exists where the petitioner shows that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lewis*, 390 F.3d at 1026 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The fundamental miscarriage of justice exception remains "limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). The exception requires new, reliable evidence of the petitioner's innocence that, when considering the new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The parties agree that Olden's Sixth Amendment right to counsel claim faces procedural issues. Olden raised his Sixth Amendment claim on his direct appeal but failed to present it to the Illinois Supreme Court either on direct appeal or during his state post-conviction review. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a

petition for leave to appeal to the Illinois Supreme Court."). This constitutes procedural default.[3] *Id.* at 930 ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

Despite acknowledging that he has procedurally defaulted this claim, Olden argues the Court should excuse the default and consider his claim on the merits because he had cause for the default and experienced prejudice as a result. Cause to excuse procedural default exists where a claim is "so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). In *Reed*, the Supreme Court provided three examples for when the novel exception applied:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overtur[n] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprov[e] a practice this Court arguably has sanctioned in prior cases.

*Id*. at 17.

Olden does not argue that the Supreme Court overruled a prior precedent or overturned a longstanding and widespread practice accepted by a near-unanimous body of lower courts. Nor does Olden provide any citation to other courts demonstrating the novelty of his claim. *U.S. ex rel. McDonald v. Page*, 108 F. Supp. 2d 993, 1005 (N.D. Ill. 2000) ("McDonald, however, cites no new authority from any court that would qualify this claim as a novel one."), *aff'd sub nom. McDonald v. Page*, 14 F. App'x 651 (7th Cir. 2001). Instead, Olden explains that, given the

---

[3] Olden initially argued that the procedural issue facing his Sixth Amendment claim was exhaustion and that the Court should excuse the issue because it would have been futile for him to raise the Sixth Amendment claim to the Illinois Supreme Court. As Respondent recognizes and Olden remedies in his reply, the correct procedural issue facing the Sixth Amendment claim is procedural default, so the Court only considers the arguments for waiving procedural default, which does not include futility on its own. *Engle v. Isaac*, 456 U.S. 107, 130 n. 36 (1982) ("Since the cause-and-prejudice standard is more demanding than *Fay*'s deliberate bypass requirement, we are confident that perceived futility alone cannot constitute cause.").

7

Illinois Appellate Court's decision in *People v. Merriwether*, 2013 IL App (1st) 113789, Olden did not have a reasonable basis to raise his arguments before the Illinois Supreme Court. However, Olden cannot establish cause if he failed to raise his argument to the Illinois Supreme Court "simply because he thinks [the Court] will be unsympathetic to the claim" because "[e]ven a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Thus, because Olden has not established valid cause and has not argued that he experienced a fundamental miscarriage of justice, the Court will not consider his prejudice arguments and denies his habeas petition on his Sixth Amendment claim. *Cawley v. DeTella*, 71 F.3d 691, 696 (7th Cir. 1995).

**II.     Ineffective Assistance of Trial Counsel**

Unlike his Sixth Amendment claim, Olden properly presented his ineffective assistance of trial counsel claim to the state courts, thus the Court will evaluate its merits. To establish constitutionally ineffective assistance of counsel, Olden must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying *Strickland* to challenges to guilty pleas based on ineffective assistance of counsel). In considering the first prong, the Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and may not let hindsight interfere with its review of counsel's decisions. *Id.* at 689. For the second prong, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This means a "substantial," not just "conceivable," likelihood of a different outcome in the case. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)

8

(quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). In the context of establishing prejudice when the defendant pled guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010). The Court need not address both prongs of the *Strickland* test if one provides the answer; that is, if the Court determines that the alleged deficiency did not prejudice Olden, it need not consider whether counsel's representation fell below an objective standard of reasonableness. *See Ruhl v. Hardy*, 743 F.3d 1083, 1092 (7th Cir. 2014).

On habeas review, the Court does not evaluate trial counsel's performance *de novo*; rather, it determines whether the state court unreasonably applied *Strickland*. *See Harrington*, 562 U.S. at 101. The Court must give "deference and latitude" to the state court's decision. *Id.* "The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus." *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009).

The Court reviews the Illinois Appellate Court's post-conviction opinion as it were the last state court opinion "to address a given claim on the merits." *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012). Illinois Appellate Court correctly identified the standard from *Hill* when it explained that Olden must "show a reasonable probability that, absent plea counsel's errors, he would have pled not guilty and insisted on going to trial." *People v. Olden*, 2020 IL App (1st) 171809-U, ¶ 26. It then explained that it required petitioner to also assert "either a claim of innocence or the articulation of a plausible defense which could have been raised at trial." *Id.* The court determined that Olden failed to allege a plausible defense that likely would

9

have been successful at trial, namely Olden's potential success in pursuing a second degree murder conviction based on his unreasonable belief in his claim for self-defense. Olden argues the Illinois Appellate Court unreasonably applied *Strickland* when it found that he was not prejudiced by his trial counsel's failure to instruct him on possible defenses to first degree murder because it focused too much on whether Olden would have been successful in proving an unreasonable belief for self-defense. The Court disagrees.

The prejudice analysis for a petitioner whose ineffective assistance of counsel claim relies on the argument that "had he been aware of information he alleges [his attorney withheld], he would have gone to trial and claimed self-defense . . . depend[s] largely on 'whether the affirmative defense likely would have succeeded at trial.'" *Warren v. Baenen*, 712 F.3d 1090, 1101 (7th Cir. 2013) (citing *Hill*, 474 U.S. at 60). The Supreme Court in *Lee v. United States* confirmed that the *Strickland* prejudice analysis requires a defendant to show "that he would have been better going off to trial . . . when the defendant's decision about going to trial turns on his prospects of success and those are affected by the attorney's error—for instance, where a defendant alleges that his lawyer should have but did not seek to suppress an improperly obtained confession." 582 U.S. 357, 365 (2017) (citing *Premo v. Moore*, 562 U.S. 115, 118 (2011)).[4] The inquiry does not rest on "the probability of a conviction for its own sake." *Id.* at 367. Instead, courts should recognize that "defendants obviously weigh their prospects at trial in deciding whether to accept a plea" so when "a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea." *Id.* That is the precise analysis that the

---

[4] Olden cites to *Pidgeon v. Smith,* 785 F.3d 1165, 1174 (7th Cir. 2015) to assert the credibility of his argument that he would have rejected the plea deal in favor of going to trial had he had the correct information. However, the Seventh Circuit decided *Pidgeon* two years before the Supreme Court decided *Lee.* Therefore, the Court follows the reasoning presented in *Lee*, which requires review of the potential success of a defense where, as here, the defendant's ineffective assistance of counsel claim turns on his prospects of success at trial. *Lee,* 582 U.S. at 365.

Illinois Appellate Court conducted in evaluating whether Olden's counsel prejudiced him by not informing him of the lesser included offenses to first degree murder. The court considered both the evidence proffered during Olden's plea colloquy and Olden's claims of intoxication and provocation at Ellens' unwanted sexual advances, and it concluded that Olden's unreasonable self-defense claim would have failed.[5] *Olden*, 2020 IL App (1st) 171809-U, ¶¶ 15–16, 28–30. The court found the evidence that Olden stabbed Ellens multiple times from behind, stole Ellens' valuables after the murder, and that Olden confessed to doing both undermined any argument that he acted in self-defense. Given the Illinois Appellate Court's finding of the unavailability of Olden's unreasonable self-defense claim, it was reasonable that it concluded that "the lack of a plausible defense renders the defendant unable to show that counsel's deficient representation caused him to plead guilty." *Id.* at ¶ 31.

Olden argues that even if the Illinois Appellate Court's decision correctly found that he did not have a viable unreasonable self-defense claim, his consistency in asserting that he would have gone to trial but for the ineffective assistance of his trial counsel still establishes prejudice. The Supreme Court has found that the petitioner without a viable defense may still show prejudice where the consequences of pleading guilty "from the defendant's perspective, [are] similarly dire." *Lee*, 582 U.S. at 365; *see also id.* ("But common sense (not to mention our precedent) recognizes that there is more to consider than simply the likelihood of success at trial."); *Crowell v. Sevier*, 77 F.4th 539, 544 (7th Cir. 2023) ("A habeas petitioner need not show he would have been acquitted or received a lighter sentence if he had gone to trial."). For

---

[5] The Court must accept the Illinois Appellate Court's conclusion that second-degree murder was unavailable to Olden. *See Warren*, 712 F.3d at 1098 ("Because there is no such defense to reckless homicide, Warren's intent at the time of the crime was, according to the court, irrelevant. As a determination of Wisconsin state law, we must presume that is correct.") (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) ("[I]n the context of a federal habeas proceeding [courts are] excluded from consider[ing] any questions of state substantive law.")).

11

example, in *Lee*, the Court determined the petitioner established prejudice under *Strickland* because he proved that his motivation to plead guilty was tied to his fear of deportation and that he relied on his counsel's incorrect advice that he would not be deported if he pled guilty. *Id.* at 371.

To determine whether the defendant provided sufficient evidence that, but for his trial counsel's error, he would not have pled guilty, the Court cautioned judges not to look to "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" but instead "to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 369. The Illinois Appellate Court did not fully consider other contemporaneous evidence that Olden asserted that he would have chosen to not to plead guilty if his attorney provided him information about lesser-included offenses. However, this does not necessarily render the Illinois Appellate Court's decision unreasonable. As stated above, because Olden's ineffective assistance of counsel claim relies on his counsel's failure to inform him of a potential defense, the proper analysis for the Illinois Appellate Court to have considered was evaluating the potential success of his defense. *Lee,* 582 U.S. at 365.

But even considering Olden's contemporaneous evidence does not lead this Court to conclude that he proved his counsel's actions prejudiced him in violation of *Strickland*. During his plea colloquy, Olden testified that he had not been threatened in any way to plead guilty nor had he been promised anything to plead guilty. Doc. 46-1 at SCR440. Additionally, he testified that he was pleading guilty of his own free will. *Id.* Neither of those statements, which receive "a strong presumption of verity" suggest he pled guilty because of ineffective assistance from his attorney. *Dillard v. United States*, No. 12 C 3224, 2023 WL 6690516, at *2 (S.D. Ind. Oct. 12, 2023) (citations omitted). While Olden's post-conviction affidavits include statements that his

12

attorney pressured him to plead guilty because she convinced him that he had no defense, *id.* at SCR221, these are the kind of "post hoc assertions on which courts may not, and certainly need not, solely rely." *Crowell*, 77 F.4th at 545 (ignoring petitioner's "post hoc" claim that he would not have pleaded guilty to a time-barred count if he knew the statute of limitations had lapsed because petitioner raised it for the first time in his appellate post-conviction briefing in state court); *see also Dillard*, 2023 WL 6690516, at *2 (denying habeas when the defendant raised arguments that contradicted his statements during his Change of Plea and Sentencing Hearing because "[e]ntry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard.") (citing *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999)); *c.f. Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020) (considering Anderson's change-of-plea hearing statements as contemporaneous statements as support that he would not have pleaded guilty but for his attorney's deficiencies).

      Olden asks the Court to also consider his motions for a reduction of sentence and to withdraw his plea as contemporaneous evidence of his intent to withdraw his plea and go to trial. However, those motions do not support Olden's contention that his attorney's ineffectiveness occurred because of her failure to counsel Olden on second degree murder. Neither motion argues that his attorney failed to instruct him on lesser included offenses to first degree murder. Doc. 46-1 at SCR137–38, SCR168; *see Lee*, 582 U.S. at 369 (contemporaneous evidence existed when defendant raised the same concerns about deportation at his plea colloquy as he did on post-conviction). Further, in his motion to withdraw his guilty plea, Olden stated that he did not raise any concerns with his counsel at the plea colloquy because he "wanted to give Miss Boughton the benefit of doubt in helping me fight for my life." Doc. 46-1 at SCR168. That comment does not give the Court justification to upset his plea. *See Dressel v. United States*,

No. 18-CV-1548-MJR, 2019 WL 329795, at *9 (S.D. Ill. Jan. 25, 2019) (determining the defendant failed to establish ineffective assistance of counsel in part because the record showed the defendant "believed his attorney was doing a good job.")

Because the Court finds that Olden has not sufficiently demonstrated prejudice under *Strickland*, it need not consider whether Olden's his counsel's actions proved constitutionally insufficient. *Thill v. Richardson*, 996 F.3d 469, 476 (7th Cir. 2021) ("Given that Thill's arguments concerning the prejudice prong fail, we decline to address whether his counsel's failure to object to the prosecutor's comments on Thill's silence constituted deficient performance.")

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if the petitioner can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The requirement of a certificate of appealability is a threshold issue, and a determination of whether one should issue a certificate neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds no showing of a substantial constitutional question for appeal because reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court denies Olden's amended petition for writ of habeas corpus [45].

Dated: November 20, 2023

SARA L. ELLIS
United States District Judge